UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VINCENZO DePALMA,

                Plaintiff,

v.

HOME DEPOT U.S.A., INC., and
VICTORIA JUDA,

                Defendants.

**DECISION
and
ORDER**

04-CV-365A(F)

---

APPEARANCES:        HOWARD A. CHETKOF, ESQ.
                               Attorney for Plaintiff
                               265 Post Avenue
                               Suite 390
                               Westbury, New York 11590

                               NIXON PEABODY LLP
                               Attorneys for Defendants
                               MARK ANDREW MOLLOY, of Counsel
                               1600 Main Place Tower
                               Buffalo, New York 14202

                               MORGAN, LEWIS & BOCKIUS LLP
                               Attorneys for Defendants
                               DEBRA S. MORWAY, and
                               ADAM J. PRICE, of Counsel
                               101 Park Avenue
                               New York, New York 10178

## **JURISDICTION**

      This action was referred to the undersigned by Honorable Richard J. Arcara on

May 25, 2004 for all pretrial matters. The matter is presently before the court on

Plaintiff's motion, filed November 26, 2004, to remand the action to New York Supreme

Court.  (Doc. No. 12).[1]

## BACKGROUND

Plaintiff Vincent DePalma ("Plaintiff"), a New York resident, commenced this employment action against Defendants Home Depot U.S.A., Inc. ("Home Depot"), a Delaware corporation with its principal place of business in Georgia, and Victoria Juda ("Juda"), a New York resident, on April 21, 2004, in New York Supreme Court, Erie County.  Specifically, Plaintiff alleges that his employment as the plumbing department manager at Defendant Home Depot's store located at 2065 Niagara Falls Boulevard in Amherst, New York ("Home Depot's Amherst store"), was wrongfully terminated based on allegations made by his former supervisor, Defendant Juda, that Plaintiff had violated company policy in disregarding Home Depot's markdown policy.  Plaintiff asserts three claims for relief including (1) breach of implied employment contract; (2) defamation of character *per se*; and (3) detrimental reliance.

On May 17, 2004, Defendants removed the action to this court, asserting complete diversity of the parties as the basis for federal jurisdiction. Notice of Removal ("Removal Notice") (Doc. No. 1), ¶¶ 8-12.  According to Defendants, although Juda, like

---

[1] The undersigned considers a matter of remand as not dispositive as it resolves only the question of whether there is a proper basis for federal jurisdiction to support removal and does not reach a determination of either the merits of a plaintiff's claims or defendant's defenses or counterclaims. Following the decision on remand, the parties may prosecute such claims or defenses, including related dispositive motions, if any, in whichever court the decision may direct the action to proceed. *Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866 (W.D.N.Y. 1991); *Acme Electric Corp. v. Sigma Instruments. Inc.*, 121 F.R.D. 26 (W.D.N.Y. 1988).  Should, however, the District Judge disagree, *see, e.g., In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998) (holding motion to remand action to state court was dispositive as such motion conclusively determines whether a federal forum is available to address the dispute), then the undersigned's finding regarding the motion to remand should be treated as a recommendation.

Plaintiff, is a New York resident, none of the asserted claims for relief can be maintained against Juda who was fraudulently joined as a defendant to defeat diversity jurisdiction.  Removal Notice ¶¶ 13-17.

On November 16, 2004, Plaintiff filed a motion to remand the matter to New York Supreme Court, Erie County.  (Doc. NO. 12).[2]  The motion is supported by the attached Affirmation of Howard A. Chetkof, Esq. ("Chetkof Affirmation"), and the accompanying Memorandum of Law in Support of Plaintiff's Motion for Removal [*sic*] (Doc. No. 13) ("Plaintiff's Memorandum").  On December 9, 2004, Defendants filed in opposition to Plaintiff's motion Defendants' Opposition to Plaintiff's Motion to Remand (Doc. No. 15) ("Defendants' Memorandum"), and the Affidavit of Natalie Sherman in Support of Defendants' Opposition to Plaintiff's Motion to Remand (Doc. No. 16) ("Sherman Affidavit").  Plaintiff did not file anything in further support of the remand motion.  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion to remand is DENIED.

## FACTS[3]

Plaintiff commenced employment with Defendant Home Depot on September 10, 1994, and worked at various Home Depot stores in New York, including stores located

---

[2] The caption of Plaintiff's motion reads "Notice of Motion [to] Remand Pursuant to Fed.R.Civ.P. 1447(c) and Disqualify Counsel."  The remand of a case removed from state court, however, is provided for by 28 U.S.C. § 1447(e), rather than by the Federal Rules of Civil Procedure, and the motion is construed as such.  Further, although the caption of the motion indicates that disqualification of Defendants' counsel is also sought, nowhere within the body of the motion, nor in the memorandum of law accompanying the motion, is the disqualification of Defendants' counsel further discussed or even mentioned.  Accordingly, the court construes the caption's reference to disqualifying Defendants' counsel as merely an erroneous descriptive title.

[3] Taken from the pleadings and motion papers filed in this action.

in Ozone Park, West Seneca, Lockport and, most recently, Amherst, where Plaintiff worked from March 2002 until January 21, 2003 when he was terminated for violating store policy and insubordination.  In particular, On December 27, 2002, Plaintiff disposed of "WATTS" packages[4] at Home Depot Store # 1233, allegedly in accordance with Home Depot's policy.  Complaint ¶ 20.  Thereafter, on January 21, 2003, Defendant Juda confronted Plaintiff regarding the disposal of "WATTS" packages, alleging such disposal was contrary to Home Depot's policy requiring the return of such "WATTS" packages to the appropriate vendor for store credit.  Complaint ¶ 21.  Plaintiff initially denied, but later admitted, disposing of the WATTS packages.  Plaintiff insisted that in his position as a department manager, he was authorized to decide what to do with such packages.  Juda considered such statements as insubordination and demonstrated a lack of "integrity."  Because such conduct was inappropriate for a department supervisor, Juda discharged Plaintiff on January 21, 2003.

Following termination of his employment, Plaintiff encountered difficulty attempting to secure other employment.  Plaintiff attributes his difficulty in obtaining other employment to the fact that, upon interviewing for another employment position, the prospective employers would contact Home Depot to inquire as to Plaintiff's suitability for employment, at which time the person contacted at Home Depot would

---

[4] Nowhere within the Complaint or otherwise in the record is the term "WATTS" defined.  A plain reading of the Complaint, however, as well as the papers filed in connection with the instant motion indicates that the term refers to damaged merchandise.  *See*, *e.g.*, Home Depot Discipline Notice dated January 21, 2003, Removal Notice Exhibit D (referring to several conversations between Plaintiff and Juda regarding Plaintiff's disposal of merchandise, specifically, opened packages, that were found in the garbage); and Juda's Unemployment Hearing Statement, Removal Notice Exhibit E (referring to Home Depot's policy that all "[e]mpty packaging and unsaleable merchandise and parts are placed in the amnesty bin," and then returned to the vendor for credit, but that it was discovered that Plaintiff was responsible for discarding a number of items from the "amnesty bin," rather than seeing they were returned to the vendor for credit).

advise the prospective employer that Plaintiff had been terminated for "insubordination" and "lack of integrity."  Complaint ¶ 31.

## **DISCUSSION**

Removal of a state court proceeding to federal court is provided for under 28 U.S.C. § 1441(a) which states in pertinent part:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Because federal courts are courts of limited jurisdiction, and as removal of a case raises issues of federalism, removal statutes are narrowly construed and doubts are resolved against removal. *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991).  The removal statute is construed according to federal law. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941); *Somlyo, supra*, at 1047.  Whether an action is removable based on diversity jurisdiction is determined upon the pleadings as originally filed.  *Crucible Materials Corporation v. Coltec Industries, Inc.*, 986 F.Supp. 130 131-32 (N.D.N.Y. 1997).  Accordingly, 28 U.S.C. § 1441(a) permits removal of only those actions which originally could have been filed in federal district court.  *Id*.  Further, it is the removing party's burden to demonstrate the existence of federal jurisdiction.  *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper . . ..").

"A case is removable when the initial pleading 'enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a).'" *Whitacker v. American Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001) (quoting *Richstone v. Chubb Colonial Life Ins.*, 988 F.Supp. 401, 403 (S.D.N.Y. 1997)) (internal citation and bracketed text omitted). Nevertheless, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998) (citations omitted). To show that a non-diverse defendant was improperly joined to defeat diversity, "a defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia, supra*, at 461. "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.*

In the instant case, Defendants removed the matter to this court on the basis of complete diversity, asserting that other than asserting that Juda is a New York resident, all three of Plaintiff's causes of action are asserted against both Defendants collectively, that no particular allegations in the Complaint are relevant to Juda, that Plaintiff does not allege that Juda participated in any purported improper acts and fails to allege any activity by Juda on which any independent cause of action against Juda is based, and,

6

thus, Juda has been named in the Complaint solely for the purpose of defeating diversity jurisdiction.  Removal Notice ¶¶ 11-17.[5]  Plaintiff argues in support of remand that Juda is not a nominal party to this action but, rather, played a "vital role" in terminating Plaintiff's employment with Home Depot.  Plaintiff's Memorandum at 2.  As such, Plaintiff maintains that "there are legitimate and serious direct causes of action against Victoria Juda individually and she has a direct interest in the controversy."  Plaintiff's Memorandum at 2.  Plaintiff further maintains that Juda initiated Plaintiff's formal reprimand and subsequent firing to satisfy a personal vendetta against Plaintiff and, further, defamed Plaintiff allegedly by making numerous false, slanderous and disparaging statements about Plaintiff to other Home Depot employees as well as to prospective employers who contacted Home Depot for a reference to destroy Plaintiff's good name.  Chetkof Affirmation ¶¶ 6-8.  Defendants, in opposition to the remand motion, assert that none of the Complaint's three Causes of Action sufficiently alleges facts which, if true, would state a claim as against Defendant's Juda.  Defendants' Memorandum at 2.

With regard to Plaintiff's first cause of action alleging breach of implied employment contract with Home Depot, Plaintiff alleges in the Complaint that he was originally hire by Home Depot on September 10, 1994 and worked at various Home Depot Stores, including Store # 1233 located in Amherst, New York, where Plaintiff was employed from March 2002 until his termination on January 21, 2003.  Complaint ¶¶ 12-14.  According to Defendant, upon the commencement of his employment with

---

[5] Plaintiff does not dispute Defendants' assertion, Removal Notice ¶ 18, that the amount of injuries and damages claimed in the Complaint exceeds the $ 75,000 needed to establish diversity jurisdiction.  28 U.S.C. § 1332.

Home Depot, he was provided with an employee manual, Complaint ¶ 15, which provided for, among other things, the procedures for disciplining and discharging employees, Complaint ¶ 23, which procedures were confirmed both verbally and in writing during the course of Plaintiff's employment with Home Depot such that the employee manual constituted an implied employment contract.  Complaint ¶ 24.

On December 27, 2002, Plaintiff disposed of "WATTS" packages at Home Depot Store # 1233, allegedly in accordance with Home Depot's policy.  Complaint ¶ 20. Thereafter, on January 21, 2003, Defendant Juda confronted Plaintiff regarding the disposal of "WATTS" packages, alleging such disposal was contrary to Home Depot's policy which required returning "WATTS" packages to the appropriate vendor for store credit.  Complaint ¶ 21.  Plaintiff further alleges that while Juda was inappropriately reprimanding Plaintiff, Juda "wrongfully and irresponsible determined that plaintiff lacked integrity and was insubordinate with respect to the disposition of the "WATTS" packages.  As a result, defendant VICTORIA JUDA immediately and unlawfully terminated plaintiff's employment."  Complaint ¶ 22.

Plaintiff argues in support of remand that because the Complaint alleged that defendant Juda initiated Plaintiff's "improper firing," which was contrary to Home Depot's personnel regulations, the Complaint sufficiently alleges a claim against Juda, thereby demonstrating that Juda has not been fraudulently joined as a defendant simply to defeat diversity jurisdiction.  Chetkof Affirmation ¶¶ 5-6.  Defendants argue in opposition to remand that although Plaintiff alleges he entered into an implied employment contract with Home Depot based on Home Depot' providing Plaintiff, upon his hiring, with an employee manual and that the termination of Plaintiff's employment

breached that contract, Plaintiff does not allege that Juda was a party to such contract and, in fact, Juda was not a Home Depot employee when Plaintiff was hired. Defendants' Memorandum at 3-4.  In support of their argument, Defendants rely on the Affidavit of Natalie Sherman (Doc. No. 16) ("Sherman Affidavit"), in which Sherman stated that she is employed by Home Depot as a District Human Resources manager, that Plaintiff commenced employment with Home Depot in September 1994, and that Juda commenced employment with Home Depot in January 2001.  Sherman Affidavit ¶¶ 1-3.

It is well-settled New York law that in the absence of an agreement establishing a fixed duration, an employment relationship is generally presumed to be a hiring at will, subject to termination by either party at any time, and for any reason or even no reason. *Poplawski v. Metropolitan Prop. & Cas. Ins. Co.*, 692 N.Y.S.2d 438, 439 (App. Div. 2d Dep't 1999).  A cause of action alleging breach of an implied employment contract may be sustained upon the terminated employee's demonstration that an express limitation prohibiting the employee's discharge except for cause was contained in the employee handbook, and that the employee specifically relied upon such language.  *Howley v. Newsday, Inc.*, 627 N.Y.S.2d 85, 86 (App. Div. 2d Dep't 1995).  *See Weiner v. McGraw-Hill, Inc.*, 443 N.E.2d 441, 442-43 (N.Y. 1982) (holding employee, discharged without cause, stated cause of action for breach of implied employment contract where employee demonstrated that he signed and submitted employment application on employer-printed form providing that employment would be subject to provisions of employer's handbook on personnel policies and procedures, which represented that "[t]he company will resort to dismissal for just and sufficient cause only, and only after

all practical steps toward rehabilitation or salvage of the employee have been taken and failed."). In the instant case, Plaintiff likewise maintains that his employment with Home Depot was subject to the provisions of an employee manual, but that his termination was not in accordance with the employee manual's termination procedures. Complaint ¶¶ 15, 23-25.

A claim for breach of an implied employment contract, however, may only be asserted by a contracting party or third-party beneficiary against another contracting party.[6] *See Wein v. Fensterstock*, 2004 WL 2423684 * 1 (S.D.N.Y. Oct. 28, 2004) (holding plaintiff, who was neither a contracting party nor a third-party beneficiary lacked standing to sue for breach of contract); *Empire Volkswagen, Inc. v. World-Wide Volkswagen Corp.*, 627 F.Supp. 1202, 1212 (S.D.N.Y. 1986) (stating only contracting parties and third-party beneficiaries have standing to sue for breach of contract); *Sopasis Construction, Inc. v. Solomon*, 650 N.Y.S.2d 13, 14 (App. Div. 2d Dep't 1996) (holding summary judgment should have been granted in favor of defendant corporation in breach of contract claim where evidence established that home renovation contract named only defendant corporation's sole shareholder as the contractor and made no mention of the corporation, nor gave any indication that sole shareholder was corporation's president, such that corporation was not a party to the contract and, thus, could not be sued for breach of contract).

In the instant case, the Complaint does not allege that Juda was a party to the

---

[6] Plaintiff does not assert a claim for tortious interference with a contract against Juda. *See Finley v. Giacobbe*, 79 F.3d 1285, 1295 (2d Cir. 1996) (observing that under New York law, a claim for tortious interference with a contract may be brought against a defendant who was not a party to the contract).

implied employment contract.  Moreover, insofar as the implied employment contract is based on Plaintiff's allegation that his employment was bound by restrictions contained in the Home Depot employee manual governing the disciplining and discharging of employees, Defendants have submitted evidence establishing the Juda was not an employee of Home Depot when Plaintiff was hired.  Sherman Affidavit ¶¶ 2-3 (stating that although Plaintiff commenced employment with Home Depot in September 1994, Juda began working for Home Depot in January 2001).  Plaintiff has submitted nothing contradicting this evidence.

Accordingly, Defendants have established the absence of any basis upon which Plaintiff's breach of implied employment contract claim may be maintained against Defendant Juda.  As such, Plaintiff cannot defeat diversity jurisdiction by alleging his breach of implied employment contract claim against Juda.

As to Plaintiff's second cause of action alleging defamation, the Complaint alleges that since being wrongfully terminated from his employment with Home Depot, Plaintiff has been hampered in his attempts to find other employment as Home Depot employees, upon being contacted by prospective employers for references regarding Plaintiff, provided untruthful and defamatory statements as to Plaintiff, including that Home Depot had terminated Plaintiff's employment because of Plaintiff's insubordination and lack of integrity, causing Plaintiff to be denied "suitable alternative employment" and to suffer financial and emotional injury.  Complaint ¶¶ 28-33.  In connection with the defamation claim, Plaintiff seeks both monetary damages and an order permanently enjoining Defendants from making further negative statements about Plaintiff.  Complaint ¶¶ 34-35.

Defendants maintain that the Complaint fails allege any activity on which an independent cause of action against Juda can be based. Removal Notice ¶ 16. Plaintiff argues in support of remand that "upon information and belief, Juda has made numerous false, untrue, slanderous and disparaging statements about [Plaintiff] to other Home Depot Employees, other perspective [*sic*] employers who contacted Home Depot for a reference and other third parties, in an attempt to destroy [Plaintiff's] good name." Chetkof Affirmation ¶ 6. In opposing the motion to remand, Defendants respond the Complaint fails to sufficiently plead a defamation claim against Juda because the alleged defamatory statements have not been specifically identified as required under relevant pleading standards, nor does the Complaint directly assert a defamation claim against Juda. Defendants' Memorandum at 4.

Under the liberal pleading requirements of Fed. R. Civ. P. 8, plaintiffs are not required to plead a New York defamation action *in haec verba*, *i.e.*, "in these words."[7] *Kelly v. Schmidberger*, 806 F.2d 44, 46 (2d Cir. 1986). *See Law Firm of Daniel P. Foster v. Turner Broadcasting*, 844 F.2d 955, 958 n. 3 (2d Cir. 1988) ("The '*in haec verba*' requirement, however, is no longer the rule in this circuit."). Rather,

> [t]he test of a complaint's sufficiency is whether it is detailed and informative enough to enable defendant to respond and to raise the defense of *res judicata* if appropriate. . . . The central concern is that the complaint afford defendant sufficient notice of the communication complained of to enable him to defend himself.

*Kelly*, *supra*, at 46 (citations omitted).

---

[7] *See* New York Civil Practice Law and Rules § 3016(a) (McKinney 1991) ("In an action for libel or slander, the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally.").

Pleadings alleging that a particular defendant said "something bad" about the plaintiff to a client were held as insufficient to afford the requisite notice to the defendant employer of the communications complained of to enable the defendant to defend itself. *Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 271 (2d Cir. 1999) (dismissing defamation claim brought by former employee against employer for failure to state a claim under New York law). *See also Wanamaker v. Columbian Rope Co.*, 713 F.Supp. 533, 544-45 (N.D.N.Y. 1989) (dismissing as "woefully lacking in the requisite specificity – even under the most liberal rules of pleading," New York defamation claim stating, in its entirety, "[a]ll of the defendants have defamed plaintiff [ ] by speaking and/or writing or circulating malicious, untrue and damaging comments about his job performance."), *aff'd*, 108 F.3d 462 (2d Cir. 1997). At a minimum, a defamation claim must specify who made the defamatory comments, when and in what context such comments were made, and to whom such comments were made. *Wanamaker*, *supra*, at 545.

In the instant case, Plaintiff's only significant allegations in the Complaint regarding his defamation cause of action state in their entirety:

> 31. Upon information and belief defendant HOME DEPOT, their agents, servants, and/or employees provided untruthful and defamatory responses concerning [Plaintiff], specifically relating to his wrongful termination and claims of 'insubordination' and 'lack of integrity.'
> 32. As a result of defendants' defamatory statements, plaintiff was denied alternative employment and has suffered financial and emotional injury, and has incurred actual and special damages thereby.

Complaint ¶¶ 31-32.

As stated, Discussion, *supra*, at 5, whether an action is removable based on diversity jurisdiction must be determined based on the pleadings as originally filed. *Crucible*

*Materials Corporation*, *supra*, at 131-32.  Here, there is no possibility, based on the pleadings, that Plaintiff can state a cause of action against Juda in state court.  *Pampillonia, supra*, at 461.  In particular, the Complaint does not even specifically allege that Juda was among Home Depot's "agents, servants, and/or employees" who allegedly made defamatory statements about Plaintiff.  *Wanamaker*, *supra*, at 545.  Nor does the Complaint allege the context in which, or to whom, the alleged defamatory statements were made.  *Id*.  Plaintiff's allegations as to defamation thus fail to afford Juda of the communications complained of so as to enable Juda to defend against the claim.  Thus, for purposes of the instant motion, no defamation claim is asserted against Juda and Plaintiff's defamation claim alleged against Juda fails to defeat diversity jurisdiction.

      Finally, with regard to Plaintiff's third claim for relief alleging detrimental alliance, Plaintiff alleges that he relied, to his detriment, on the alleged implied employment contract, as contained in the Home Depot employee manual controlling Home Depot's employee policies and practices, as well as on additional "representations of defendant HOME DEPOT as to his continuing employment and/or addition [*sic*] employment opportunities," in leaving his former position at another Home Depot store, in order to work at Home Depot's Store # 1233, from which Plaintiff maintains he was eventually discharged in violation of Home Depot's policies and procedures.  Complaint ¶¶ 37-40.  Defendants maintain that the Complaint contains no relevant allegations against Juda as to this claim.  Removal Notice ¶ 11.  Plaintiff, arguing in support of remand, does not specifically address the basis for his detrimental reliance claim against Juda but, rather, argues in support of remand that Juda "intentionally improperly reprimanded and

subsequently fired" Plaintiff in furtherance of a "personal vendetta" Juda had against Plaintiff.  Chetkof Affirmation ¶ 7.  Defendants, in opposition to remand, assert Plaintiff has not, and cannot, allege that Juda made any statement prior to Plaintiff's transfer to Home Depot's Amherst store upon which Plaintiff relied as required to support a claim for detrimental reliance.  Defendants' Memorandum at 6.

Under New York law, the elements of detrimental reliance include (1) lack of knowledge of the true facts; (2) good faith reliance; and (3) a change of position. *Securities Settlement Corp. v. Jachera*, 772 F.Supp. 770, 773 (S.D.N.Y. 1991) (citing *Holm v. C.M.P. Sheet Metal, Inc.*, 455 N.Y.S.2d 429, 433 (App. Div. 2d Dept. 1982) (citing 21 N.Y. Jur., Estoppel, Ratification, and Waiver § 60)).  Detrimental reliance, however, "does not state a claim for which relief can be granted given that detrimental reliance is an element of a fraud claim, rather than a separate theory for recovery." *Anscombe Broadcasting Group, Ltd. v. RJM Communications, Inc.*, 2004 WL 2491641, *6 (W.D.N.Y. Nov. 3, 2004) (citing *United States v. Wallach*, 935 F.2d 445, 468 (2d Cir. 1991) (basic elements of fraud are misrepresentation and detrimental reliance); and *Stolow v. Greg Manning Auctions, Inc.*, 258 F.Supp.2d 236, 248 (S.D.N.Y. 2003) (reasonable, detrimental reliance upon a misrepresentation is an essential element of a cause of action for fraud)); *see also Dos v. Scelsa & Villacara*, 607 N.Y.S.2d 68, 69 (App. Div. 2d Dep't 1994) (under New York law, detrimental reliance is an essential element of a fraud claim).  Otherwise, detrimental reliance may also be raised as an affirmative defense to a mistake of fact claim.  *See Jachera*, *supra*, at 773 (a mistake of fact claim will prevail unless the opposing party can prove that it justifiably relied on the mistake "and, in consequence, suffered a prejudicial change in position.").  *See also*

*Geller v. Prudential Ins. Co. of America*, 237 F.Supp.2d 210, 223 (E.D.N.Y. 2002) ("Such detrimental reliance is an affirmative defense that must be raised in a responsive pleading.") (*citing Jachera*, *supra*); *DePinto v. Ashley Scott, Inc.*, 635 N.Y.S.2d 215, 216 (App. Div. 1st Dep't 1995) (considering detrimental reliance element of fraud based affirmative defense and counterclaim).  The court's research, however, reveals no cause of action for detrimental reliance exists under New York law.

As such, Plaintiff's allegation of detrimental reliance cannot be asserted as a cause of action against Defendant Juda to defeat diversity jurisdiction.  Alternatively, even if Plaintiff's third cause of action were construed as a claim for fraud, the elements of which include "a misrepresentation, known by the defendant to be false and made for the purpose of inducing the plaintiff to rely upon it, justifiable reliance and damages," *Mora v. RGB, Inc.*, 794 N.Y.S.2d 134, 137 (App. Div. 3d Dept. 2005), the facts as alleged in the Complaint provide no basis for such claim against Juda.

Specifically, aside from his defamation claim, the only allegations Plaintiff makes against Defendant Juda are found in Plaintiff's papers submitted in support of remand and state that Juda "intentionally improperly reprimanded and subsequently fired" Plaintiff in furtherance of a "personal vendetta" Juda had against Plaintiff.  Chetkof Affirmation ¶ 7.  Significantly, nowhere within the record is there any indication that Plaintiff and Defendant Juda worked with each other, or even knew each other, prior to the time Plaintiff commenced working at Home Depot's Amherst store.  As such allegations refer to Juda's actions toward Plaintiff *after* he commenced working at Home Depot's Amherst store, rather than before, Plaintiff's assertion that he relied, to his detriment, on representations made to induce him to leave his job at Home Depot's

Lockport store to work at the Amherst store, even if true, provide no basis for a fraud claim against Juda. Plaintiff's assertion of liability against Juda in support of Plaintiff's motion therefore smacks of *post facto* rationalizing insufficient to require remand.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion to remand (Doc. No. 12) is DENIED. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   June 9, 2005
　　　　　Buffalo, New York